IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**BRENDA GAIL SHORTER,**

    Plaintiff,

v.                                                             Case No.: 1:19-cv-00464

**ANDREW SAUL,**
**Commissioner of the**
**Social Security Administration,**

    Defendant.

### MEMORANDUM OPINION

This is an action seeking review of the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The case is presently before the court on the plaintiff's motion for judgment on the pleadings, seeking, *inter alia,* reversal and remand of the Commissioner's decision, and on the defendant's motion to remand. (ECF Nos. 11, 13). Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF No. 12). The court has fully considered the issues and **GRANTS** both motions. Accordingly, the court **FINDS** that the decision of the Commissioner should be **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g), for further evaluation of Plaintiff's application as stated herein.

Plaintiff, Brenda Gail Shorter ("Claimant"), completed an application for SSI on October 27, 2014, alleging a disability onset date of September 19, 2014, (Tr. at 168-70),

1

due to stomach problems, restless leg syndrome, HBP, curved spine, leg, hip and back problems, sciatic nerve issues, sleep apnea, hypertension, hiatal hernia, gastritis, reflux, depression, fatty liver, thyroid removal, low blood, nerve problems, constant shaking, vomiting in evening, and migraine. (Tr. at 190). Claimant subsequently amended her disability onset date to December 27, 2015. (Tr. at 14). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 12). Claimant filed a request for a hearing, which was held on August 29, 2017 before the Honorable Geraldine H. Page, Administrative Law Judge ("ALJ"). (Tr. at 28-59). By written decision dated January 31, 2018, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 12-22). The ALJ's decision became the final decision of the Commissioner on April 20, 2019, when the Appeals Council denied Claimant's request for review. (Tr. at 1-6).

On June 18, 2019, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer on August 13, 2019, along with a Transcript of the Proceedings. (ECF Nos. 7, 8). Thereafter, Claimant filed a brief in support of judgment on the pleadings, requesting remand of the Commissioner's decision under sentence four 42 U.S.C. § 405(g). (ECF No. 11). Claimant asserted, in relevant part, that reversal and remand were appropriate, because the ALJ had failed to follow relevant regulations and agency rulings in evaluating Claimant's application for benefits. (*Id.*). On November 8, 2019, the Commissioner filed a motion for remand under sentence four of 42 U.S.C. § 405(g), acknowledging that the ALJ's decision denying benefits merited further evaluation; however, he was unable to reach Claimant's counsel in order to obtain her consent to the motion to a sentence four remand. (ECF No. 13).

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the

due to stomach problems, restless leg syndrome, HBP, curved spine, leg, hip and back problems, sciatic nerve issues, sleep apnea, hypertension, hiatal hernia, gastritis, reflux, depression, fatty liver, thyroid removal, low blood, nerve problems, constant shaking, vomiting in evening, and migraine. (Tr. at 190). Claimant subsequently amended her disability onset date to December 27, 2015. (Tr. at 14). The Social Security Administration ("SSA") denied the application initially and upon reconsideration. (Tr. at 12). Claimant filed a request for a hearing, which was held on August 29, 2017 before the Honorable Geraldine H. Page, Administrative Law Judge ("ALJ"). (Tr. at 28-59). By written decision dated January 31, 2018, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 12-22). The ALJ's decision became the final decision of the Commissioner on April 20, 2019, when the Appeals Council denied Claimant's request for review. (Tr. at 1-6).

On June 18, 2019, Claimant filed the present civil action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer on August 13, 2019, along with a Transcript of the Proceedings. (ECF Nos. 7, 8). Thereafter, Claimant filed a brief in support of judgment on the pleadings, requesting remand of the Commissioner's decision under sentence four 42 U.S.C. § 405(g). (ECF No. 11). Claimant asserted, in relevant part, that reversal and remand were appropriate, because the ALJ had failed to follow relevant regulations and agency rulings in evaluating Claimant's application for benefits. (*Id.*). On November 8, 2019, the Commissioner filed a motion for remand under sentence four of 42 U.S.C. § 405(g), acknowledging that the ALJ's decision denying benefits merited further evaluation; however, he was unable to reach Claimant's counsel in order to obtain her consent to the motion to a sentence four remand. (ECF No. 13).

Title 42 U.S.C. § 405(g) authorizes the district court to remand the decision of the

Commissioner of Social Security for further consideration at different stages of the judicial proceedings. When the Commissioner requests remand prior to filing an answer to the plaintiff's complaint, the presiding court may grant the request under sentence six of § 405(g), upon a showing of good cause. In addition, a court may remand the matter "at any time" under sentence six to allow "additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). When a court remands the Commissioner's decision under sentence six, the court retains jurisdiction over the matter, but "closes it and regards it as inactive" until additional or modified findings are supplied to the court. *See McPeak v. Barnhart,* 388 F.Supp.2d 742, 745 n.2. (S.D.W. Va. 2005).

In contrast, under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Because a sentence four remand effectively "terminates the litigation with victory for the plaintiff," the court enters a final judgment dismissing the case and removing it from the court's docket. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) ("Under § 405(g), 'each final decision of the Secretary [is] reviewable by a *separate* piece of litigation," and a sentence-four remand order '*terminate[s]* the civil action' seeking judicial review of the Secretary's final decision.") (quoting in *Sullivan v. Hudson,* 490 U.S. 877, 892 (1989)).

Given that Claimant moved this court to reverse and remand the decision of the Commissioner, and the Commissioner ultimately agreed to a remand, the Court

3

concludes that Claimant is entitled to reversal and remand of the Commissioner's decision on at least one of the grounds asserted in her brief. Moreover, the Court notes that in his motion to remand, the Commissioner asks for a sentence four remand; thereby, implicitly conceding termination of the judicial proceeding in Claimant's favor. Finally, the motion for remand was filed after the answer, and neither party identifies new evidence not previously made a part of the record. Accordingly, the Court hereby **GRANTS** Claimant's motion for judgment on the pleadings, to the extent that it requests reversal and remand under sentence four, (ECF No. 11); **GRANTS** Defendant's motion to remand, (ECF No. 13); **REVERSES** the final decision of the Commissioner; **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion; and **DISMISSES** this action from the docket of the Court. A Judgment Order will be entered accordingly.

The Clerk of this Court is directed to transmit copies of this Memorandum Opinion to counsel of record.

**ENTERED:** November 12, 2019

Cheryl A. Eifert
United States Magistrate Judge